LESSER BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13725, 13726, 29404. Promulgated November 13, 1928.

*Herbert Choynski, Esq.*, for the petitioner.
*R. H. Ritterbush, Esq.*, for the respondent.

142

OPINION.

MARQUETTE: The petitioner alleges in the petition filed in proceeding No. 13725, that its tax liability for the years 1911, 1912, 1916, 1917, 1918, 1919, and 1920, are in controversy. The two other proceedings involve the petitioner's tax liability for 1921 and 1922.

This Board has no jurisdiction to determine the petitioner's tax liability for the years 1911 and 1912. *Section 283 (a) and (b), Revenue Act of 1926.* See also, *Belt Railway Co. of Chicago,* 9 B. T. A. 304. Proceeding No. 13725, in so far as it relates to those years, is dismissed. The record shows that for the years 1916 and 1917 the respondent has determined overassessments, and they do not appear to be due to the disallowance in whole or in part of a claim for abatement. We therefore have no jurisdiction as to those years. *Cornelius Cotton Mills,* 4 B. T. A. 255. The respondent has determined a deficiency for the year 1918, but the petitioner has alleged no error with respect thereto and the respondent's determination is therefore sustained.

The first issue is whether the respondent erred in reducing the petitioner's invested capital for the years 1919, 1920, and 1921, on account of income and profits taxes paid in those years for prior taxable years. The respondent's action in this respect is in conformity to law and the regulations promulgated thereunder and must be approved. *Section 1207, Revenue Act of 1926; Russel Wheel & Foundry Co.,* 3 B. T. A. 1168.

The second issue raised by the pleadings is whether the petitioner, in computing his net income for the year 1919, is entitled to deduct as a loss the cost of the liquor it disposed of under the circumstances set forth in the findings of fact. In the case of *Norman D. Richardson,* 9 B. T. A. 875, the facts were that the taxpayer in June, 1919, distributed among his friends alcoholic liquors from his bar which had cost him $6,001.27, his reason for doing so being that because of the prohibition law he could not sell them. He claimed the cost price of the liquor so distributed as a deduction from income for either the year 1919 or 1920. The Commissioner refused to allow the deduction, and on appeal to this Board the action of the Commissioner was sustained. The facts of that case are almost identical with the facts of this one, and we consider the decision therein decisive and controlling here. The petitioner's claim to the deduction in question is therefore denied.

The only other question presented by the record is whether the profits of the Lincoln Market lease for the years 1919 to 1921, inclusive, were income to the petitioner or to A. M. Lesser. Under the evidence we are of opinion that the lease in question belonged to A. M. Lesser or to him and J. H. Lesser, jointly, and that neither the income nor the profits therefrom belonged to the petitioner.

The evidence as to this issue shows that J. H. and A. M. Lesser entered into the lease in 1909 and that it provided that it could not be assigned without the consent of the lessor; that J. H. and A. M. Lesser offered to convey all the assets of their business, including the lease, to the petitioner in consideration of the issuance to them of the petitioner's capital stock; that the business was conveyed to the petitioner, except the lease, and that apparently the petitioner acquiesced in the failure to transfer the lease and issued its stock notwithstanding such failure. When that lease expired the lessor refused to make a new lease or to renew the old one with the petitioner as lessee, but did renew or extend the old lease to J. H. and A. M. Lesser. It appears that A. M. Lesser considered the lease as his property and that he reported the profits therefrom in 1919, 1920, and 1921, as his personal income and at least a part of the profits in 1922. The lease was never assigned to the petitioner and was at all times on its face the property of the Lessers, and it appears from the minutes of the corporation set forth in the findings of fact that the petitioner's officers considered that the petitioner was a sublessee and not the owner of the lease. We therefore hold that no part of the profits arising therefrom in the years 1919 to 1922, inclusive, should be included in the petitioner's income for those years.

As to whether A. M. Lesser reported the full amount of the profits from the lease in 1922, or whether he could waive any part of the profits for that year in favor of the petitioner, we decline to express any opinion, as that matter is not before us.

*Judgment will be entered under Rule 50.*